NOT FOR PUBLICATION                                                                 CLOSE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | :  |
| Plaintiff, | : **OPINION** |
| v. | : No. 2:14-cv-7633 (WHW) |
| $75,000 IN UNITED STATES CURRENCY, | : |
| Defendant *in rem*. | : |

### Walls, Senior District Judge

This is a civil asset forfeiture case, in which Plaintiff United States of America ("the Government") seeks to take possession of $75,000 in United States currency ("the Defendant property") allegedly linked to drug trafficking. The Government now moves for default judgment under Fed. R. Civ. P. 55(b), and for an order under 21 U.S.C. § 881, declaring the Defendant property forfeited. Would-be known claimants Damon Rasbury and Nyiesha Williams have not filed a claim under penalty of perjury within the time required by 18 U.S.C. § 983(a)(4) and Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Decided without oral argument under Fed. R. Civ. P. 78, the Government's motion is granted.

### BACKGROUND

The Government filed a verified complaint for forfeiture in rem against the Defendant property on December 8, 2014, ECF No. 1, and a warrant for arrest in rem on December 9, 2014.

1

ECF No. 2. The complaint alleges as follows. The United States Drug Enforcement Agency ("DEA") seized the Defendant property on or about July 14, 2014 from Damon Rasbury's carry-on luggage at Terminal A of Newark Liberty International Airport in Elizabeth, New Jersey. Compl. ¶ 2. While searching the luggage, a Transportation Security Administration ("TSA") agent observed Rasbury becoming increasingly nervous and sweating profusely. Id. ¶ 8. The TSA agent found a bundle of United States currency in a toiletry bag within one of Rasbury's two black duffle bags. Id. ¶ 9. Rasbury stated that it contained $5,000, and denied that there was any other currency in the luggage. Id. Continuing the search, the agent found additional currency bundles. Id. ¶ 10. Rasbury then stated that the currency totaled $75,000, and that he was traveling to promote a music artist known as "J-Hustle." Id. ¶ 11. He was unable to identify J-Hustle's real name, or the names of the businesses or artists he dealt with. Id. ¶¶ 11-12. Rasbury told DEA agents that he owned a barber shop in Orange, New Jersey, but had not filed tax returns, and was unaware of the tax identification number for his business. Id. ¶ 13. He claimed to have a bank account at Bank of America, but did not have a withdrawal slip for the $75,000. Id. ¶ 14. Rasbury told the agents he had no scheduled return date or hotel reservations. Id. ¶ 15. He misstated his own telephone number to agents three times, finally providing the correct number. Id. ¶ 16.

The DEA contacted Virgin Airlines, discovering that Rasbury's reservation was made by Nyiesha Williams. Id. ¶ 18. Rasbury refused to give an address or phone number for Williams. Id. Rasbury said he was flying to Los Angeles International Airport, then San Francisco and Las Vegas, but no reservations for the San Francisco or Las Vegas flights could be located. Id. ¶ 19. During the interview with Rasbury, DEA agents observed Rasbury speaking in a low tone, making guarded physical reactions and avoiding eye contact. Id. ¶ 20. The agents seized the

currency found in Rasbury's luggage, placed it in an evidence bag and gave Rasbury a receipt. *Id.* ¶ 21. The agents then allowed Rasbury to board his scheduled flight, but after initially walking toward the flight, Rasbury turned around and walked out of the airport. *Id.* ¶ 22. One hour after Rasbury was stopped, a Port Authority K-9 Unit dog sniffed the currency and signaled that it detected a controlled substance on the currency. *Id.* ¶ 23.

Three days before the seizure of the Defendant property, Rasbury and Williams were the victims of a robbery, in which $38,000 in cash was stolen from their mutual residence. *Id.* ¶ 26. Williams told local police officers that the funds came from an insurance settlement. *Id.* ¶27. She also stated that a portion of the stolen funds came from Rasbury's occupation as a contractor for AC & J Restoration, LLC, and that this was all the money the pair had. *Id.* ¶ 28. The DEA investigated AC & J, finding a disconnected business telephone number and an address from which the business's owner had moved. *Id.* ¶ 29. The barber shop which Rasbury claimed to own had been closed for approximately two years at the time of the seizure. *Id.* ¶ 30.

A suspect in the robbery later told police that, while robbing the residence, he had observed a one-pound brick of marijuana on the kitchen counter. *Id.* ¶ 32. The suspect named Rasbury as a drug dealer. *Id.* Rasbury has been arrested multiple times for possession of a controlled dangerous substance, resisting arrest, firearm possession, and for the sale, manufacture or delivery of illegal narcotics. *Id.* ¶ 33.

On September 11, 2014, the DEA received a timely claim from an attorney representing Rasbury and Williams requesting the return of the Defendant property. *Id.* ¶ 34; Ex. A to Decl. of Peter W. Gaeta ("Gaeta Decl."), ECF No. 7-1. On December 10, 2014, the Government filed a notice of publication for forfeiture, ECF No. 3, and sent a copy of the complaint and Notice of Forfeiture by certified mail, return receipt requested, to Rasbury and Williams via their attorney

Jacek W. Lentz, Esq. Gaeta Decl. ¶¶ 5-7. Mr. Lentz received the documents on December 15, 2014. *Id.* ¶ 6. Notice of Civil Forfeiture was posted on the Government's official forfeiture website, www.forfeiture.gov, for over 30 consecutive days, beginning on December 12, 2014. *Id.* ¶ 9; *id.* Ex. D. Neither Rasbury nor Williams filed a claim to the Defendant property in this proceeding under penalty of perjury, nor did they answer the complaint. The Government moved for default judgment on February 4, 2015. ECF No. 7. The Clerk entered default that day.

## STANDARD FOR DEFAULT JUDGMENT

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I.  Procedural Requirements for Civil Asset Forfeiture

All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance are subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6). Civil asset forfeiture actions *in rem* are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), and 18 U.S.C. § 983. *See U.S. v. Technodyne LLC*, 753 F.3d 368, 379-81 (2d Cir. 2014).

Under Rule G, the Government must satisfy certain requirements to properly bring a forfeiture action against a defendant *in rem*. First, the Government must file a verified complaint stating the grounds for venue and jurisdiction over the defendant property. *See* U.S.C. Admiralty and Maritime Claims R. G(2). The complaint must describe the property with reasonable particularity, state its location at the time of seizure and when the action was filed. *Id.* The complaint must also identify the statute under which the forfeiture action is brought and state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial. *Id.*

If the property is already in a government agency's possession, custody, or control, the Clerk must issue a warrant to arrest the property before the Government can seize it from its administrative agency for any judicial forfeiture proceedings. *Id.* at § 3(b). Once the arrest warrant is issued, the Government may arrest the property pursuant to the warrant. *Id.* at § 3(c). Finally, the Government must publish notice about the action for any potential claimants of the property that it does not know and must directly notify any potential claimants that it does know. *Id.* at § 4. In order to give notice to potential claimants unknown to the Government, the

Government must publish notice within a reasonable time after the complaint is filed, and it can publish notice on its official forfeiture website for at least thirty consecutive days. *Id.* at § 4(a)(iv)(C). In order to give notice to potential claimants known to the Government, the Government must send notice of the action and a copy of the complaint to the claimants no later than the time for filing a claim under Rule G. *Id.* at § 5(a)(ii).

To make a claim for the defendant property and to avoid forfeiture of the defendant property, potential claimants must file a claim under penalty of perjury that conforms to Rule G(5)(a) of the Supplemental Rules and 18 U.S.C. § 983(a)(4)(A). *See* Rule G5(a); 18 U.S.C. § 983(a)(4)(A). The potential claimant of the property must file a claim in the court where the action is pending that identifies the specific property claimed, identifies the claimant, states the claimant's interest in the property, is signed by the claimant under penalty of perjury, and is served on the Government's attorney. Rule G(5)(a). The claim must be filed no later than thirty days after the date of service of the Government's complaint, or no later than thirty days after the date of final publication of notice of the filing of the complaint. 18 U.S.C. § 983(a)(4)(A).

## II.     The Government Has Met the Relevant Procedural Requirements

The Government filed a verified complaint stating the grounds for venue and jurisdiction over the defendant property, ECF No. 1, as well as a warrant for the arrest of the property. ECF No. 2. The complaint and warrant described the property with particularity ($75,000), stated its location at relevant times, and identified 21 U.S.C. § 881(a)(6) as the statute under which the action is brought. Compl. ¶¶ 1-2.

The complaint states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. The alleged facts in this case, which

the Court accepts for purposes of a default judgment motion, *see DIRECTV, Inc.*, 431 F.3d at 165, include a series of false statements that Rasbury made to investigators about his activities, Rasbury's nervous behavior in front of TSA and DEA agents, the lack of an identified legitimate source for the $75,000 in cash, Rasbury's history of involvement with the illegal narcotics trade, a witness's sighting of marijuana in Rasbury's apartment shortly before the seizure, and a dog's detection of a controlled substance on the cash itself. *See* Compl. These facts are sufficient to establish a reasonable belief that the Government would be able to meet its burden at trial.

The Government published notice of the action within a reasonable time (two days after the verified complaint was filed), and published notice on its official forfeiture website, www.forfeiture.gov, for thirty consecutive days. *See* Gaeta Decl. ¶ 9; *id.* Ex. D. The Government directly notified Rasbury and Williams, the Defendant property's known potential claimants, by sending notice of the action and a copy of the complaint to their counsel, Jacek W. Lentz, on December 10, 2014. Gaeta Decl. ¶¶ 5-7. This notice complies with Rule G(5)(a)(ii)(B), because the Government sent it before it published notice of the forfeiture action on www.forfeiture.gov.

### III. No Claimant Has Properly Filed a Claim or Answer

The requirement that a claimant file a timely verified statement "is no mere procedural technicality." *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007), *as amended* (May 14, 2007) (internal citations omitted) (noting that "verification is an essential element of any claim because of the substantial danger of false claims"). Neither Rasbury nor Williams has filed a claim for the Defendant currency in this matter. Although they have filed a claim in the administrative forfeiture proceeding, that submission is insufficient to bring their

claim before this Court. *See U.S. v. $31, 852.38 in U.S. Currency,* 183 Fed. App'x 237, 240-41 (3d Cir. 2006).

### IV. Default Judgment Is Appropriate

Under the criteria set forth by the Third Circuit in *Chamberlain*, the Court finds that entry of default judgment is proper. First, the Government would suffer prejudice if default judgment were denied, as it has no other remedy against the Defendant currency. Second, neither Rasbury nor Williams has asserted a meritorious defense, since they have failed to answer. Finally, not only did the Government properly post the forfeiture notice on its website, but Rasbury and Williams proved their notice of the Government's claim, having filed an administrative claim with the U.S. Attorney's Office through their retained counsel. This notice, combined with their failure to file a verified claim or answer with the Court, suggests that they bear the responsibility for their failure to contest the Government's claim. On these grounds, default judgment is appropriate.

### V. There Is a Basis for the Damages Specified

According to Rasbury's statement to the DEA agents, Compl. ¶ 11, along with the sworn verification of DEA Task Force Officer Alexis M. Melendez, the amount of the Defendant property is $75,000. ECF No. 1 at 10. The amount of damages is satisfactorily established.

NOT FOR PUBLICATION                                                                                          CLOSE

## CONCLUSION

Plaintiff's motion for default judgment is granted. The defendant property is forfeited. An appropriate order follows.

DATE: 26 May 2015

Hon. William H. Walls
Senior United States District Judge